**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

Sam Glasscock III
VICE CHANCELLOR

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
Leonard L. Williams Justice Center
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

February 22, 2018

Richard Berl, Jr., Esquire
Hudson, Jones, Jaywork & Fisher, LLC
34382 Carpenter's Way, Suite 3
Lewes, DE 19958

Mr. and Mrs. Michael Davis
1297 N. Bend Road
Jarrettsville, MD 21084

RE: Pullin v. Davis, Civil Action No. 11829-VCG

Dear Litigants:

This Letter Order will memorialize my Bench ruling of January 24, 2018. For the reasons given from the Bench on the record of that date, the following is my Order:

1. An implied easement exists burdening the Davis property in favor of the Pullin property. The easement is for the use and maintenance of a septic line, tank and field for the benefit of a single-family house on the Pullin property, located on the Davis property. The easement includes reasonable access to maintain and repair the line, tank and field. The easement runs with the land.

2. Mr. Davis is liable for wrongfully blocking the septic line and interfering with the easement during the time when the record indicates the septic system was operating properly, in the amount of FOUR THOUSAND TWO HUNDRED THIRTY DOLLARS ($4,230.00).

3. I find by a preponderance of the evidence that the septic system currently is not functioning properly and, as a result, use of the septic system would exceed the scope of the easement. Therefore, Mr. Davis is not liable for the current blocking of the easement.

4. Because use of the septic system in its current condition would exceed the scope of the easement, the Plaintiff's request for an injunction barring Mr. Davis from interfering with the use of the system and directing him to unblock the system is DENIED.

5. Because the Plaintiff established the easement by implication by evidence which I found clear and convincing, the request for a declaratory judgment as to the easement is GRANTED.

6. This Order is final.

7. Nothing in this Order prevents the Pullins or their successors in title from demonstrating that the septic system has been restored to operating condition, and seeking injunctive relief against Mr. Davis or his successors in title to restore use, via a subsequent action.

Sincerely,

/s/ Sam Glasscock III

Vice Chancellor

cc:    Register in Chancery